JOSEPH J. HOCKING (JH2007)
LAW OFFICE OF JOSEPH J. HOCKING LLC
3117 State Route 10
Denville, New Jersey 07834
973-771-5545
jjh@jhockinglaw.com
Attorneys for Plaintiffs
United States of America for
the use and benefit of ARCO Construction Group

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ARCO  ELECTRICAL CONTRACTORS, INC.  d/b/a  ARCO CONSTRUCTION GROUP <br><br> PLAINTIFF <br><br> v. <br><br> INTERNATIONAL FIDELITY INSURANCE COMPANY and  REGIMENT CONSTRUCTION CORP. <br><br><br> DEFENDANTS | CIVIL ACTION <br><br> Case No.: <br><br><br><br> **COMPLAINT** |

Plaintiff, the United States of America for the use and benefit of ARCO Electrical

Contractors, Inc.  d/b/a  ARCO Construction Group ("ARCO"), by and through their undersigned

counsel, Law Office of Joseph J. Hocking, LLC, hereby brings this Complaint against International

Fidelity  Insurance Company ("IFIC") and Regiment Construction Company ("Regiment").

## PRELIMINARY STATEMENT

The within action is being brought by the United States for the use and benefit of ARCO,

an electrical contractor that furnished and installed various electrical components and equipment

for construction projects known as CLC Support Spaces, Phases II and IV at the Lyons Veterans Medical Center in Lyons, New Jersey, owned and operated by the U. S. Department of Veterans Affairs. ("VA").   ARCO's work was performed pursuant to two separate subcontracts with Regiment and was in furtherance of Regiment's contracts with the VA.  Regiment, as principal, and IFIC, as surety, furnished payment bonds and performance bonds pursuant to the Miller Act, 40 U.S.C. §§ 3131 and 3133.  ARCO has fully performed the work of the subcontracts and despite demand, ARCO has not been fully paid by Regiment.

## JURISDICTION AND VENUE

1.      The jurisdiction of this court over Counts Four and Five is premised upon 40 U.S.C. §§ 3131 and 3133 (the "Miller Act"). This court has jurisdiction of the state law claims contained in Counts One through Three under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

2.      Venue is proper in this district under 40 U.S.C. § 3133 (b)(3)(B) insofar as ARCO's work was performed in Lyons, New Jersey which is within this district.

## PARTIES AND RELATIONSHIPS

3.      Plaintiff repeats the preceding allegations as if set forth at length herein.

4.       ARCO is a New Jersey corporation with a principal place of business at 22-24 South Seventh Street, Elizabeth, New Jersey.

5.      ARCO is principally engaged in contracting for electrical construction work.

6.      Defendant Regiment is a New Jersey corporation with its principal place of business at 717 Bayway Avenue, Elizabeth, New Jersey.

7.      At all times mentioned herein, Regiment was the contractor in direct privity of contract with the VA and ARCO was the electrical subcontractor to Regiment.

8.      IFIC is a New Jersey corporation with its principal place of business at One Newark Center, Newark, NJ 07102 and is authorized to issue surety bonds required under the Miller Act.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff repeats the preceding allegations as if set forth at length herein.

10.      Defendant Regiment entered two contracts with the VA, one known as Community Living Center (CLC) Phase II, Contract No. VA-243-12-C-001 (the "Phase II Contract") and the other known as CLC Phase IV, Contract No. VA243-13-C-0284 (the "Phase IV Contract").

11.      As required by the Miller Act, IFIC, as surety, and Regiment as principal, obligated themselves under Payment Bond NJIFSU 0578944 to the United States of America for the prompt payment of all persons having a direct relationship with Regiment or a subcontractor of Regiment for furnishing labor, material or both in the prosecution of the work of the Phase II Contract (the "Phase II Payment Bond").

12.      As required by the Miller Act, IFIC, as surety, and Regiment as principal, obligated themselves under Payment Bond NJIFSU 0631089 to the United States of America for the prompt payment of all persons having a direct relationship with Regiment or a subcontractor of Regiment for furnishing labor, material or both in the prosecution of the work of the Phase IV Contract (the "Phase IV Payment Bond").

13.      In furtherance of the Phase II Contract, Regiment entered a subcontract with ARCO dated July 11, 2014 for the electrical work described therein (the Phase II Subcontract).

14.      The base amount of the Phase II Subcontract was $1,100,000.

15.     After agreed upon additions and deductions, the final adjusted amount of the Phase II Subcontract was $1,639,035,58, against which Regiment paid ARCO $1,472,432,02, leaving the unpaid balance of $166,603.56 due and owing to ARCO.

16.     Despite ARCO's demand that Regiment pay it the $166,603.56 due and owing under the Phase II Subcontract, Regiment has failed and refused to make such payment or any part thereof.

17.      In furtherance of the Phase IV Contract, Regiment entered a subcontract with ARCO dated July 11, 2015 for the electrical work described therein (the Phase IV Subcontract).

18.     The base amount of the Phase IV Subcontract was $450,000.

19.     After agreed upon additions and deductions, the final adjusted amount of the Phase II Subcontract was $472,975.46, against which Regiment paid ARCO $276,000.71, leaving the unpaid balance of $40,134.75 due and owing to ARCO.

20.     Despite ARCO's demand that Regiment pay it the $40,134.75  due and owing under the Phase IV Subcontract, Regiment has failed and refused to make such payment or any part thereof.

21.     ARCO's last day of work on both the Phase II and Phase IV Subcontracts was June 17, 2021.

22.     On June 23, 2021 Regiment sent ARCO an email pertaining to the Phase II Subcontract that stated:

> Please provide us with a credit for the work that you have remaining on the above referenced project,  We have decided that it is in the best interested [sic] of completing the project to have another subcontractor finish your work.

23.     On July 1, 2021, ARCO replied as follows:

> Mike,
> Deciding that it is Regiment's best interest to have another subcontractor
> complete ARCO's work is not provided for in our Subcontract.

Nevertheless, we propose the following credit options:

Option 1 ARCO completes HV XFMR Demo (line item 32) $13,920.52 credit against subcontract amount/balance to completion.

Option 2 ARCO completes HV XFMR Demo (line item 32) and Coordination Study $8,920.52 credit against subcontract amount/balance to completion.

Option 3 ARCO performs no further work $15,920.52 credit against subcontract amount/balance to completion.

24.     On June 14, 2022, ARCO, Regiment and IFIC entered a tolling Agreement that tolled statutes of limitation from June 14, 2022 through August 15, 2022.

25.     On July 20, 2022, Regiment's counsel forwarded ARCO's counsel eleven deductive, back charge change orders on the Phase II Subcontract with a total value of $73,058.09 (the "Back Charge Change Orders") which Regiment contends may be properly charged against and deducted from ARCO's unpaid $166,603.56 Phase II Subcontract balance.

26.     The Back Charge Change Orders are dated from June 14, 2021 through July 7, 2022.

27.     Prior to July 20, 2022, Regiment never presented the Back Charge Change Orders to ARCO or its attorney.

28.     Recently, through its attorney, Regiment asserted that it could not and would not make payment to ARCO of any of the $40,134.75  due and owing under the Phase IV Subcontract, until Regiment could be certain that potential additional Phase II back charges would not exceed the unpaid Phase II Subcontract balance.

29.     In an August 8, 2022 letter from ARCO's attorney to Regiment's attorney (the "August 8, 2022 Letter"), ARCO disputed the validity and enforceability of each of the Back Charge Change Orders as well as Regiment's right to refuse to pay ARCO the $40,134.75 due and

owing under the Phase IV Subcontract because of potential, additional Phase II back charges.  The

August 8, 2022 Letter also asserted that Regiment was acting in bad faith.

## COUNT ONE

30.     ARCO repeats the preceding allegations as if set forth at length herein.

31.     Regiment's failure and refusal to pay ARCO the $166,603.56 due and owing under

the Phase II Subcontract is a material breach thereof.

32.     The Back Charge Change Orders were not issued in accordance with the Phase II

Subcontract, and many have no basis in either fact or contract because they are for work that was

not within the scope of the Phase II Subcontract.

33.     Regiment's issuance of the Back Charge Change Orders and its assertion that it is

entitled to deduct the cost thereof from the $166,603.56 balance due and owing to ARCO under the

Phase II Subcontract is a material breach thereof.

34.     As a direct and proximate result of Regiment's material breaches of the Phase II

Subcontract, ARCO has sustained and will continue to sustain damages in an amount not less than

$166,603.56.

WHEREFORE, ARCO demands judgment on Count 1 of the Complaint in an amount not

less than $166,603.56 together with pre-judgment interest, costs of suit and attorneys' fees.

## COUNT TWO

35.     ARCO repeats the preceding allegations as if set forth at length herein.

36.     Regiment's failure and refusal to pay ARCO the $40,134.75 due and owing under

the Phase IV Subcontract is a material breach thereof.

37.     Regiment's assertion that it is entitled to withhold payment from ARCO of the $40,134.75 due and owing under the Phase IV Subcontract until it is certain that potential, additional Phase II back charges will not exceed the unpaid Phase II Subcontract balance is a material breach of the Phase IV Subcontract.

38.     As a direct and proximate result of Regiment's material breaches of the Phase II Subcontract, ARCO has sustained and will continue to sustain damages in an amount not less than $40,134.75.

WHEREFORE, ARCO demands judgment on Count 2 of the Complaint in an amount not less than $40,134.75 together with pre-judgment interest, costs of suit and attorneys' fees.

## COUNT THREE

39.     ARCO repeats the preceding allegations as if set forth at length herein.

40.     Implied by New Jersey Law in every contract is the covenant of good faith and fair dealing.

41.     Regiment's issuance of the Back Charge Change Orders, its failure to provide same to ARCO until July 20, 2022, its insistence that it is entitled to deduct the Back Charge Change Orders from ARCO's $166,603.56 Phase II Subcontract balance, and its assertion that it may properly refuse to pay ARCO the $40,134.75 that is due and owing under the Phase IV Subcontract because of potential, additional Phase II back charges are actions taken in bad faith that are intended to economically injure ARCO and that violate the covenants of good faith and fair dealing implied by law into the Phase II and Phase IV Subcontracts.

42.     As a direct and proximate result of Regiment's breach of the covenants of good faith and fair dealing implied by law into the Phase II and Phase IV Subcontracts, ARCO has sustained

and will continue to sustain damages in an amount not less than $166,603.56 under the Phase II

Subcontract and $40,134.75 under the Phase IV Subcontract.

WHEREFORE, ARCO demands judgment on Count 3 for compensatory damages in an

amount to be determined at trial, but not less than $206,738.31, together with pre-judgment interest,

costs of suit and attorneys' fees.

## COUNT FOUR

43.     ARCO repeats the preceding allegations as if set forth at length herein.

44.     Under the Miller Act and the Phase II Payment Bond, IFIC is liable to pay to ARCO

sums due and owing under the Phase II Subcontract that have not been paid by Regiment.

59.     ARCO's last work under the Phase II Subcontract was performed on June 17, 2021.

Thus, this complaint is filed more than 90 days and less than one-year (as extended by the Tolling

Agreement) after ARCO's last work on the Project.

64.     ARCO has valid claims against IFIC under the Phase II Payment Bond.

65.     WHEREFORE, ARCO demands judgment against IFIC upon the Phase II Payment

Bond in an amount not less than$166,603.56, together with interest, costs and attorneys' fees.

## COUNT FIVE

66.     ARCO repeats the preceding allegations as if set forth at length herein.

67.     Under the Miller Act and the Phase IV Payment Bond, IFIC is liable to pay to

ARCO sums due and owing under the Phase IV Subcontract that have not been paid by Regiment.

68.     ARCO's last work under the Phase IV Subcontract was performed on June 17, 2021.

Thus, this complaint is filed more than 90 days and less than one-year (as extended by the Tolling

Agreement) after ARCO's last work on the Project.

69.     ARCO has valid claims against IFIC under the Phase IV Payment Bond.

WHEREFORE, ARCO demands judgment against IFIC upon the Phase IV Payment Bond

in an amount not less than $40,134.75, together with interest, costs and attorneys' fees.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

This matter is not the subject of any other pending court, arbitration or administrative

proceeding.

Dated: August 12, 2022                    LAW OFFICE OF JOSEPH J. HOCKING LLC

S/Joseph J. Hocking
Joseph J. Hocking (JH2007)
3117 State Route 10
Denville, New Jersey 07834
Attorneys for Plaintiff
United States of America for
the use and benefit of ARCO Construction Group